Terry L. LINDSAY, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 02–70335.

CIR No. 3486–O1L.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM**

Terry L. Lindsay appeals pro se the Tax Court's grant of summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") in Lindsay's action

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

challenging a federal tax lien. We have jurisdiction under 26 U.S.C. § 7482. We review de novo, *Gladden v. Commissioner*, 262 F.3d 851, 853 (9th Cir.2001), and we affirm.

Lindsay contends that the Tax Court erred in granting summary judgment because the appeals officer who conducted his collection due process hearing did not provide him with Form 23C, a summary record of the assessments against him. We disagree. Lindsay was not entitled to receive Form 23C itself; he was entitled only to the pertinent information it contained. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir.1993) (per curiam) (" '[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished with a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed' ") (quoting 26 C.F.R. § 301.6203–1). The record shows that Lindsay received all of the required information.

We reject Lindsay's contention that the Tax Court deprived him of due process by granting summary judgment before the Commissioner responded to his request for admissions. The Tax Court correctly ruled that the information Lindsay sought would not have raised a genuine issue of material fact and that allowing further discovery would have unnecessarily delayed the proceedings. *See Terrell v. Brewer*, 935 F.2d 1015, 1017–18 (9th Cir.1991) (party opposing summary judgment on ground that discovery is not complete must "show the existence of additional essential and discoverable evidence").

Moreover, the certified transcripts of account submitted by the Commissioner are presumptive evidence that the assessments against Lindsay were properly made. *See Hughes v. United States*, 953 F.2d 531, 535, 539–40 (9th Cir.1992). Because he did not controvert this evidence, we reject Lindsay's contention that the assessments against him were not valid. *See id.*

Finally, we will not consider Lindsay's contention that he did not receive notices of deficiencies for the tax years 1990 through 1994 because he raised this issue for the first time in his reply brief.[1] *See Medical Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 820 n. 8 (9th Cir.2002) (party waived claim by failing to present it to the trial court or in its opening brief).

**AFFIRMED.**

---

1. Lindsay's motion to file a late reply brief is granted. The reply brief received on August 9, 2002 is ordered filed.