T.C. Summary Opinion 2003-139


UNITED STATES TAX COURT


ALAN AND ESTHER SCHWEMMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7617-02S.               Filed September 30, 2003.


Alan and Esther Schwemmer, pro sese.

<u>Huong T. Duong</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioners' 1998 Federal income tax in the amount of $16,353, together with a penalty under section 6662(a) in the amount of $3,271. After concessions by respondent, the issues this Court must decide are whether petitioners proved that respondent's determination was incorrect, and whether petitioners are liable for the accuracy-related penalty under section 6662(a).

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Fresno, California, at the time they filed their petition. Their petition is replete with tax protester type arguments. Petitioners filed a statement, which has as its core thesis that this case should be:

> dismissed for lack of <u>Subject Matter Jurisdiction</u> on the grounds that the Notice of Deficiency issued by respondent was issued on hearsay facts and evidence. Petitioner demands that respondent provide certified facts or evidence of a statutory correct assessment or tax liability to support any claimed deficiency. Lacking a statutory correct assessment or tax liability the notice of deficiency is null and void and this court does not have <u>Subject Mater Jurisdiction</u>.

Respondent made a number of determinations which are described in pertinent part below. Respondent determined that the BVE and Sweetbush Business Trusts, purportedly created by petitioners, are shams with no economic substance and increased petitioners' business income by the gross receipts of the trusts, less ordinary and necessary business expenses. Respondent also determined gross income from Sweetbush Trust bank deposits (the

amounts of which respondent conceded at trial), other unexplained bank deposits, flowthrough losses from the disregarded Sweetbush Trust, and increased Social Security benefits.  Respondent further determined that petitioners were subject to self-employment tax, with a deduction for one-half of the self-employment tax.  Lastly, respondent determined that petitioners were liable for the accuracy-related penalty under section 6662(a).

Petitioners have the burden of proving that respondent's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491 does not apply in this case because petitioners did not cooperate with respondent during the audit.

At trial, petitioners did not introduce any credible evidence.  Based on this record, we find that petitioners have failed to meet their burden of proof.

At trial, respondent did not carry his burden of production with respect to the section 6662(a) penalty.  Sec. 7491(c).  Therefore, we do not sustain respondent's determination that petitioners were liable for a penalty under section 6662(a).

All of the arguments and contentions that have not been analyzed herein have been considered, but do not require any further discussion.

Reviewed and adopted as the report of the Small Tax Case

Division.

Decision will be entered
under Rule 155.