T.C. Summary Opinion 2004-35

UNITED STATES TAX COURT

RANDOLPH E. LUNA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4554-02S.            Filed March 18, 2004.

Randolph E. Luna, pro se.

Lorraine Wu, for respondent.

PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Sections 6320 And/Or 6330 (notice of determination). This Court must decide whether respondent abused his discretion in determining that the filing of the Notice of Federal Tax Lien was appropriate.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in West Covina, California, at the time he filed his petition.

On February 9, 1999, respondent issued to petitioner a notice of deficiency for taxable year 1996. The notice of deficiency was sent to petitioner via certified mail, but it was returned to sender unclaimed.

On November 8, 2000, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of lien).

On December 12, 2000, respondent received petitioner's Request for a Collection Due Process Hearing (Appeals Office hearing), in response to the notice of lien.

On July 16, 2001, petitioner met with an Appeals officer for petitioner's Appeals Office hearing. At the Appeals Office hearing, petitioner claimed that he did not receive the notice of deficiency. The Appeals officer granted petitioner an audit reconsideration to discuss his 1996 income tax liability.

On July 26, 2001, an examiner mailed to petitioner a letter

stating that the Appeals Office had assigned petitioner's 1996 tax return to the Examination Division.  The letter requested that petitioner provide certain documents and invoices to substantiate the adjustments made to his 1996 tax return.  The letter further requested that petitioner bring the requested items to an appointment scheduled for August 9, 2001.

On August 17, 2001, petitioner met with the examiner to discuss his 1996 liability during the audit reconsideration.  Petitioner failed to bring any documentation to substantiate his entitlement to the deductions, dependency exemptions, filing status, and child care credit disallowed in the notice of deficiency.

On January 8, 2002, respondent mailed to petitioner the notice of determination at issue here.  Respondent determined that all legal and administrative procedures were met, that petitioner failed to present any collection alternatives, and that the proposed lien was appropriate.  Petitioner had an opportunity for audit reconsideration but failed to provide any evidence other than his own oral testimony.

Section 7491 is not applicable in this case because examination of petitioner's 1996 tax return commenced prior to July 22, 1998, the effective date of section 7491.  The burden of proof is on petitioner.  Rule 142(a).

Section 6321 imposes a lien in favor of the United States on

all property and rights to property of a person when demand for payment of that person's liability for taxes has been made and the person fails to pay those taxes.  The lien arises when the assessment is made.  Sec. 6322.  Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day the notice of lien is filed.  Sec. 6320(a)(2).  Section 6320(a)(3) further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within the 30-day period beginning on the day after the 5-day period described above.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible

alternative means of collection.  Section 6330(c)(2)(B) provides that the existence or amount of the underlying tax liability may be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a United States District Court.

We find that petitioner did "otherwise have an opportunity to dispute such tax liability" at his audit reconsideration.  At his audit reconsideration, petitioner failed to offer any evidence that would substantiate the items in issue on his 1996 tax return.  Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).

On this record, we conclude that respondent did not abuse his discretion with respect to the notice of determination.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.