T.C. Memo. 2004-94

UNITED STATES TAX COURT

JOHNNY OWINGS MILAM, JR. AND BRENDA RAMSEY MILAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2538-02L.                    Filed April 6, 2004.

Johnny Owings Milam, Jr. and Brenda Ramsey Milam, pro sese.

<u>Steven M. Webster</u>, for respondent.


MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before us on respondent's motion for summary judgment under Rule 121.[1]  Respondent contends that there is no dispute as to any material fact and that respondent's determination to proceed with the collection action at issue

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

should be sustained as a matter of law.  For the reasons discussed below, we shall grant respondent's motion.[2]

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

In support of this motion for summary judgment, respondent submitted exhibits, an affidavit, and certified Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioners' taxable years 1996 and 1997.

---

[2] Subsequent to a hearing, petitioners submitted their own motion for summary judgment advancing arguments similar to those we consider herein.  We shall deny petitioners' motion.

Petitioners submitted an affidavit in opposition to respondent's motion. A hearing on the motion was also held.

## Background

At the time they filed the petition in this case, petitioners resided in Burgaw, North Carolina.

On April 27, 1999, respondent mailed petitioners a notice of deficiency determining deficiencies in petitioners' Federal income taxes of $4,532 for 1996 and $5,007 for 1997. Petitioners admit receiving the notice. Petitioners did not file a petition for redetermination, and the deficiencies plus interest were assessed on October 25, 1999. A Statutory Notice of Balance Due covering the foregoing assessments was mailed to petitioners on the same day.

On August 25, 2000, respondent filed a Form 668(Y)(c), Notice of Federal Tax Lien, with the Clerk of Superior Court, Pender County, North Carolina, covering petitioners' 1996 and 1997 taxable years. On August 30, 2000, respondent mailed petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, covering those same years. In response to the Notice, petitioners timely filed a Form 12153, Request for a Collection Due Process Hearing. As grounds for their objection to respondent's lien, petitioners alleged the following:

> The basis for my appeal is that the notice of lien
> and the purported assessments and alleged tax
> liabilities are not based on filed income tax returns
> or competent evidence. Further, said notice of lien is

deficient on it's [sic] face because it is not in compliance with 26 USC section 6065.

A face-to-face meeting was held between petitioners and an Appeals officer on August 22, 2001. On November 5, 2001, the Appeals officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, wherein he determined: (1) That the requirements of all laws and administrative procedures had been met; (2) that petitioners had had a prior opportunity to dispute the underlying tax liability and were thus precluded from contesting it in the collection proceeding; and (3) that no other issues had been raised. Based on these findings, the Appeals officer determined that the lien was appropriate.

On January 31, 2002, petitioners filed their petition in the instant case. The petition raises several issues, including: (1) Whether "procedurally proper" versions of various documents were ever issued, including a notice of deficiency, a notice and demand for payment, and a notice of Federal tax lien; (2) whether petitioners' liabilities were properly assessed; (3) whether the Appeals officer failed to verify that the requirements of any applicable law or administrative procedure were met, as required by section 6330(c)(1); and (4) whether respondent erred by failing to allow petitioners an examination interview and an administrative appeal prior to issuance of the notice of

deficiency.  The petition also alleges that the underlying tax liabilities are invalid.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for taxes when a demand for the payment of a person's liability for the taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made.  Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing.  Under that section, a person may raise any relevant issue related to the unpaid tax or notice of lien, but the existence or amount of the underlying tax liability may be contested only if the person "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 608-609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  Where the underlying tax liability is not at issue, the Court will review the Appeals officer's determination for abuse of discretion.  Sego v. Commissioner, supra at 610.

We note at the outset that the petition in the present case raises several issues that it is not clear were raised with the Appeals officer.[3]  However, because none of the issues raised in the petition has any merit, we need not distinguish between

---

[3] For example, the petition alleges that the notice of deficiency is invalid because it was not signed under penalties of perjury pursuant to sec. 6065.  There is no evidence that this issue was raised with the Appeals officer, although a similar argument was made with respect to the Notice of Federal Tax Lien.

issues raised at the administrative level and issues raised for the first time in the petition.

### A. Notice of Deficiency

Petitioners' first allegation of error is that the notice of deficiency they received for 1996 and 1997 was invalid because it was not issued in compliance with section 6065, which generally provides that documents or statements required to be made under the internal revenue laws must be subscribed under penalties of perjury. Petitioners' argument is without merit. The requirements of section 6065 are directed at documents originating with the taxpayer, not respondent. Davis v. Commissioner, 115 T.C. 35, 42 (2000). Therefore, respondent's failure to sign the notice of deficiency under penalties of perjury does not invalidate it.

### B. Verification Requirement

Petitioners also allege that the Appeals officer failed to satisfy the requirements of section 6330(c)(1), which provides that the Appeals officer must verify that any applicable law or administrative procedure has been met. While the Notice of Determination contains only a general, conclusory statement to the effect that the applicable laws and administrative requirements were met, we have examined certified copies of Forms 4340 covering petitioners' 1996 and 1997 taxable years, and on that basis we are satisfied that petitioners' liabilities for

those years were properly assessed, and that notice of the assessments and demand for payment were properly made. Absent some showing of irregularity, the Form 4340 provides presumptive proof of its contents. Davis v. Commissioner, supra at 41. At the hearing on respondent's motion, petitioner husband alleged several irregularities on the Forms 4340. We have examined these allegations and find that they are either nonsensical, contradicted by petitioners' other admissions, immaterial, or irrelevant to the collection action at issue. In sum, resolving all factual inferences in petitioners' favor, we find no irregularity with respect to the assessment or collection action at issue in this case which would cast doubt on the reliability of the Forms 4340. Therefore, the Appeals officer's conclusion that all applicable laws and administrative requirements were met was not an abuse of discretion.

C. Validity of the Assessments

Petitioners' next allegation of error is that their 1996 and 1997 liabilities were not properly assessed. As support for this claim, petitioners assert that the Appeals officer failed to produce a copy of a "Record of Assessment" upon request.

Petitioners' contention, even if true, is unavailing. Section 6330(c)(1) requires only that the Appeals officer verify that an assessment has been made; he need not provide such verification to the taxpayer. Nestor v. Commissioner, 118 T.C.

162, 166-167 (2002). As previously discussed, the certified copies of the Forms 4340 for petitioners' 1996 and 1997 taxable years establish that petitioners' liabilities for those years were properly assessed after petitioners failed to respond to the notice of deficiency.

D.  <u>Validity of the Notice and Demand for Payment</u>

Petitioners' next contention is that they did not receive a "procedurally proper" Notice and Demand for Payment with respect to 1996 and 1997, as required by sections 6321 and 6303.

The certified Forms 4340 indicate that a Statutory Notice of Balance Due was sent to petitioners on October 25, 1999. When questioned at the motion hearing, petitioner husband conceded that he "got something" on that date from the IRS but refused to concede that it was a Statutory Notice of Balance Due. We accordingly find that petitioners have failed to show error or irregularity in the Forms 4340 with respect to the issuance of a Statutory Notice of Balance Due. A Notice of Balance Due satisfies the requirement of notice and demand for payment under section 6303. See <u>Craig v. Commissioner</u>, 119 T.C. 252, 262-263 (2002); <u>Keene v. Commissioner</u>, T.C. Memo. 2002-277; <u>Hall v. Commissioner</u>, T.C. Memo. 2002-267. Therefore, petitioners' contention lacks merit.

E.  Notice of Federal Tax Lien

Petitioners next contend that the Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 and the Notice of Federal Tax Lien (filed with the Clerk of Superior Court in Pender County, North Carolina) were invalid because they were not signed under penalties of perjury as required by section 6065. As previously discussed, documents prepared by respondent need not comply with section 6065.  Petitioners admit receiving the Notice of Federal Tax Lien Filing.  Consequently, petitioners have identified no defect with respect to this notice of the lien's filing.

F.  Examination Interview and Administrative Appeal

Petitioners also allege error in that they were not given the opportunity for an "examination interview" or for an administrative appeal prior to the issuance of the notice of deficiency.  However, it is well established that taxpayers have no entitlement to any such interview or appeal prior to the issuance of a notice of deficiency.  See, e.g., Luhring v. Glotzbach, 304 F.2d 560, 563 (4th Cir. 1962); Edwards v. Commissioner, T.C. Memo. 2002-169 (and cases therein cited). Accordingly, the failure by respondent to grant petitioners an examination interview or administrative appeal prior to issuance of the notice of deficiency in no way invalidates the notice with

respect to which the liabilities at issue in this case were assessed.

G.  Underlying Tax Liabilities

Petitioners also raise several issues that attack the validity of the underlying tax liabilities for 1996 and 1997.

Since petitioners received a notice of deficiency with respect to those years and did not petition this Court regarding that notice, they are now precluded from disputing the existence or amount of the underlying tax liabilities.  Sec. 6330(c)(2)(B); Nestor v. Commissioner, supra.

H.  Conclusion

Petitioners have not raised any spousal defenses, challenges to the appropriateness of the collection action, or collection alternatives.  We have considered every contention raised by petitioners, and conclude that there are no genuine issues of material fact, and that respondent is entitled to judgment as a matter of law.  We shall therefore grant respondent's motion for summary judgment.  To reflect the foregoing,

An appropriate order and decision will be entered.