T.C. Summary Opinion 2004-91


UNITED STATES TAX COURT



MICHAEL STEPHEN FRATE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7295-03S.              Filed July 15, 2004.


Michael Stephen Frate, pro se.

<u>Monica D. Armstrong</u>, for respondent.



PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Sections 6320 And/Or 6330 (notice of determination).  This Court must decide whether respondent abused his discretion in determining that the filing of the Notice of Federal Tax Lien was appropriate.

Some of the facts in this case have been stipulated and are so found.  Petitioner resided in Atlanta, Georgia, at the time he filed his petition.

Petitioner did not timely file his Form 1040, U.S. Individual Income Tax Return, for 1991.  In addition, petitioner did not timely file Federal income tax returns for 1992 through 2001.

On December 6, 1993, respondent prepared a Substitute For Return for taxable year 1991.

On February 8, 1997, respondent issued to petitioner's employer, PWJ Incorporated (PWJ), a Form 668-W(c), Notice of Levy on Wages, Salary, and Other Income (wage levy), in the amount of $12,461.15.

On April 8, 2002, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of lien).

On May 10, 2002, respondent received petitioner's Request for a Collection Due Process Hearing (Appeals Office hearing) in response to the notice of lien.  In his request for an Appeals

Office hearing, petitioner claimed that his tax liability for 1991 had been satisfied by a prior wage levy.

On or about July 29, 2002, petitioner sent a 1991 tax return form to respondent. On or about August 22, 2002, petitioner submitted tax returns for the years 1992 through 2001.

On January 7, 2003, petitioner met with a settlement officer for petitioner's Appeals Office hearing. At his Appeals Office hearing, petitioner presented to the settlement officer photocopies of several 1997 payroll check stubs for petitioner, which reflected tax levy deductions totaling $8,663.82 (wage levy deductions). The settlement officer informed petitioner that no payments from the wage levy deductions had been received by the Internal Revenue Service (IRS).

Petitioner asserted that PWJ's bookkeeping service, Business Service Associates (BSA), was under criminal investigation for fraud and embezzlement and that petitioner's wage levy deductions may have been embezzled by BSA. Petitioner requested that his account be credited in the amount of the wage levy deductions. The settlement officer explained to petitioner that no statutory or administrative authority allowed the IRS to credit an account when the IRS has not received payment. Petitioner requested and was allowed time to retain professional representation.

On February 24, 2003, petitioner and his representative, Louis Sheffield, Enrolled Agent (Mr. Sheffield), met with the

settlement officer.  Mr. Sheffield presented a letter on the stationery of Wen-Don Corporation (formerly PWJ) signed by Paul W. Jones, III (Mr. Jones), as the former president of PWJ.  That letter claimed that PWJ's payroll taxes had been embezzled.  During the meeting, Mr. Sheffield and petitioner both stated that if petitioner's account was not credited in the amount of the wage levy deductions, petitioner would seek judicial review.

On April 17, 2003, respondent sent to petitioner the notice of determination at issue here.  Respondent determined that all applicable law or administrative procedures had been met, that there was a balance due for taxable year 1991, and that the filing of the lien is sustained.

On May 16, 2003, petitioner filed his petition.  He stated that $18,923.81 was disputed and that $8,663.82 was paid via the wage levy by his employer.  He further stated that "it appears that my employer never paid these funds to the government."  The record does not reflect any payments by petitioner of his then liability of $18,923.81.

Examination of petitioner's 1991 tax return commenced in 1993 when respondent prepared the Substitute For Return.  Simanonok v. Commissioner, T.C. Memo. 2002-66.  Section 7491 is not applicable in this case because examination of petitioner's 1991 tax return commenced prior to July 22, 1998, the effective date of section 7491.  The burden of proof is on petitioner.

Rule 142(a).

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when demand for payment of that person's liability for taxes has been made and the person fails to pay those taxes. The lien arises when the assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day the notice of lien is filed. Sec. 6320(a)(2). Section 6320(a)(3) further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within the 30-day period beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to

collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence or amount of the underlying tax liability may be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a United States District Court.

We find that petitioner did not raise any reviewable collection issue at his Appeals Office hearing.  Petitioner did not contest the existence or amount of the underlying tax liability.  Petitioner failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).

Petitioner alleges that his wage levy deductions may have been embezzled.  This is based on mere assertions by petitioner, in a written representation by his representative, Mr. Sheffield, and in a letter from Mr. Jones, the former president of PWJ.  No evidence was introduced that BSA actually embezzled the wage levy deductions.  On this record, petitioner failed to prove that the

wage levy deductions were embezzled or, if they were, who embezzled them.

We note that Mr. Jones stated in his letter that BSA embezzled PWJ's payroll taxes. On the other hand, Mr. Jones claimed that separate payments were made by PWJ to BSA for petitioner's taxes. In addition, the purported payments were made by Wen-Don Corporation, not by PWJ. The settlement officer had suggested to petitioner that he contact his employer and obtain copies of the checks (front and back) evidencing the wage levy deductions so that they may be traced. Petitioner did not seem too interested in doing so at that time. Only a limited number (3) of separate checks for wage levy payments were put in evidence at trial. These checks from Wen-Don Corporation, signed by Mr. Jones, the former president of PWJ, do not match the so-called PWJ records of wage levy deductions.

At trial, petitioner suggested that respondent should seek recovery from BSA or PWJ for the wage levy deductions not paid over to the IRS and that petitioner should be credited for such deductions.

Clearly, respondent can take action to enforce the lien under section 7403 where there is a refusal to pay any tax. We have found the following provision significant. Section 6332 refers to the surrender of property subject to levy. It provides that any amount (other than costs) recovered under this paragraph

shall be credited against the tax liability for the collection of which such levy was made. Sec. 6332(d)(1). Respondent's position is that if no payment is made to the IRS, petitioner remains liable for his tax debt. We agree.

On the issue before us, we conclude that respondent did not abuse his discretion with respect to the notice of determination.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.