T.C. Summary Opinion 2007-55

UNITED STATES TAX COURT

GERARD R. FITZGERALD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5544-05S.               Filed April 11, 2007.

Gerard R. Fitzgerald, pro se.

<u>Terry Serena</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Actions Under Section 6320 (notice of determination). The issue for decision is whether respondent abused his discretion in sustaining a notice of Federal tax lien (notice of lien) filed against petitioner.

## Background

At the time the petition was filed, petitioner resided in Batavia, Ohio.

Respondent assessed taxes, penalties, and interest against petitioner for the taxable years 1989, 1997, 1998, 1999, and 2000. On June 21, 2004, respondent filed the notice of lien and mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

On July 22, 2004, the Internal Revenue Service Officer for Tri-County, Ohio, received petitioner's Form 12153, Request for a Collection Due Process Hearing. Subsequently petitioner's case was assigned to an Appeals officer. The Appeals officer conducted a telephone hearing with petitioner on January 20, 2005. During the hearing, petitioner did not challenge his underlying tax liabilities or the filing of the notice of lien. Instead, petitioner disputed a levy on his Social Security benefits for his unpaid Federal income tax liability for the taxable year 1990.

Respondent issued petitioner the notice of determination on February 23, 2005, sustaining the filing of the Federal tax lien. The notice of determination states that petitioner could not challenge the levy on his Social Security benefits because it did not relate to the years at issue. The notice also states that respondent placed petitioner's accounts in "Currently not Collectible status and no further collection action would take place."

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of

section 6330.  Sec. 6320(c).  At the administrative hearing, a taxpayer is entitled to raise any relevant issue relating to the unpaid tax, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement.  Sec. 6330(b) and (c)(2)(A); sec. 301.6320-1(e)(1), Proced. & Admin. Regs.  A taxpayer also may challenge the existence or amount of the underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  Where, as here, the validity of the underlying tax liability is not at issue, the Court reviews the Commissioner's determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Freije v. Commissioner, 125 T.C. 14, 23 (2005).

As previously mentioned, petitioner does not challenge the appropriateness of the notice of lien with respect to the taxable years at issue. Petitioner disputes only the levy on his Social Security benefits for his unpaid Federal income tax liability for the 1990 taxable year. Petitioner contends he did not receive prelevy notice and an opportunity to be heard, as required under section 6330(a).

Respondent appears to acknowledge that petitioner's Social Security benefits were levied upon. Respondent's records indicate, however, that the levy was made with respect to petitioner's unpaid tax liability for the taxable year 1990, which is not a year at issue. Petitioner did not dispute that the levy pertained solely to 1990. Because we do not have a notice of determination regarding the levy with respect to that year, we do not have jurisdiction to review the levy. See sec. 6330(d); Orum v. Commissioner, 123 T.C. 1, 7-8 (2004), affd. 412 F.3d 819 (7th Cir. 2005).

Petitioner has not set forth any other arguments concerning respondent's determination, such as a spousal defense or an offer of a collection alternative. Nor has petitioner alleged that the Secretary failed to meet the requirements of any applicable law

or administrative procedure with respect to the notice of lien. Consequently, we conclude that respondent did not abuse his discretion.  Respondent's determination therefore is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.