T.C. Memo. 2007-160

UNITED STATES TAX COURT

CHESTER E. DAVIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4284-06L.                    Filed June 20, 2007.

Chester E. Davis, pro se.

Kelley A. Blaine, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  On June 2, 2005, respondent advised
petitioner that a Notice of Federal Tax Lien (NFTL) had been
filed and of petitioner's right to a hearing.  Petitioner sought
a hearing and, ultimately, petitioned this Court on February 28,
2006, contesting respondent's February 3, 2006, Notice of
Determination Concerning Collection Action(s) Under Section 6320

and/or 6330 (Notice of Determination), advising that the filing of the NFTL and proposed levy action for petitioner's 2001 tax liability was sustained.  The parties filed cross-motions for summary judgment and the issues presented for our consideration are:  (1) Whether there was an abuse of discretion in respondent's determination to sustain the filing of an NFTL relating to petitioner's 2001 tax liability and to proceed with collection or levy action; and, (2) whether a penalty under section 6673[1] should be imposed against petitioner for advancing frivolous positions in this case.

## Background

Petitioner failed to file a 2001 Federal income tax return, and respondent sent petitioner a notice of deficiency determining an income tax deficiency and additions to tax.  Petitioner received the deficiency notice but took no action in response to respondent's determination, and respondent assessed the income tax deficiency and additions to tax.  Thereafter, respondent sent petitioner an NFTL on June 2, 2005.  In response, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing (hearing request), dated June 27, 2005.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the period under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In his June 27, 2005, hearing request, petitioner stated that he did not receive a valid notice of deficiency, but he did not specifically explain why what he did receive was invalid. Petitioner also advanced queries normally posed by "tax protesters", such as that the Appeals Officer did not "identify the statute that makes * * * [him] 'liable to pay'". Petitioner did not accept respondent's certification of assessment and payment and, instead, wished to see the original assessment records and related documents. In addition to his response, petitioner also sent the Appeals officer a package of materials, including income tax forms on which zeros were placed in the income and tax "boxes".

Respondent's Appeals officer declined to work or meet with Jeffrey Hubacek, petitioner's representative, because Mr. Hubacek had been barred from practicing before the Internal Revenue Service (IRS). The Appeals officer advised petitioner that she would not offer him a face-to-face hearing because she found that his arguments were either frivolous or involved issues which could not be considered by the Appeals Office, such as objections on moral or political grounds.

Instead of a face-to-face meeting, petitioner and the Appeals officer engaged in a telephone conference on January 25, 2006. Prior to that conference, petitioner was sent a copy of a Form 4340, Certificate of Assessments, Payments, and Other

Specified Matters, for his 2001 tax year. During the conference, petitioner renewed his requests for the underlying assessment documents and that the Appeals officer provide petitioner with a copy of the statute that made him liable to pay any income taxes. On February 3, 2006, the Appeals Office issued the Notice of Determination from which petitioner petitioned to this Court.

In petitioner's hearing request, and in addition to his 2001 tax year, petitioner included numerous taxable years that were not the subject of timely requests for a hearing. In that regard, petitioner requested a hearing with respect to his 1999 and 2000 tax years, but the notices of intent to levy and Federal tax lien filing for those years were sent to petitioner in 2004 (more than 1 year prior to petitioner's hearing request). Petitioner also requested a hearing with respect to his 1996, 1997, and 1998 tax years, but there was no balance of tax then due and no pending collection or proposed collection action. With respect to the 1999 and 2000 tax years, the Appeals officer advised petitioner that they would be handled as "Equivalent Hearings" (hearings without a right of appeal or review by this Court).

## Discussion

### Issues for Consideration

The Petition and Amended Petition in this case, in essence, contain the following allegations/issues: (1) Respondent's

determination should be declared invalid; (2) the Appeals officer did not conduct a hearing that was in accord with the statute; (3) petitioner was not provided with information and documentation that he is entitled to as a matter of law; and (4) the Appeals officer was not authorized to represent the Secretary of the Treasury.

The specifics underlying these allegations/issues, as far as the Court is able to follow petitioner's logic and explanations, are: (1) The Appeals officer wrongfully refused to allow petitioner's representative to represent his interests; (2) the Appeals officer wrongfully refused petitioner a face-to-face meeting; (3) the Appeals officer did not show petitioner a delegation order from the Secretary of the Treasury entitling the Appeals officer to act on the Secretary's behalf; (4) the Appeals officer did not show petitioner the underlying assessment documents with respect to the Form 4340 provided to petitioner; and (5) the Appeals officer did not provide petitioner with the statute or law that would make petitioner subject to and/or liable for Federal income tax.

These, in essence, are the matters raised by petitioner in his pleadings and, accordingly, are the matters that we must address. Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Goza v. Commissioner, 114 T.C. 176 (2000).

Summary Judgment

Both parties have filed motions for summary judgment so that each ostensibly believes that this matter is ripe for resolution as a matter of law. Summary judgment is appropriate if there is no genuine issue of a material fact and a decision may be rendered as a matter of law. Rule 121(b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). In this case there is no apparent disagreement about the material facts and circumstances in the controversy. Accordingly, this case is ripe for resolution by means of summary judgment.

Petitioner's Representative

Petitioner complains that his representative, Mr. Hubacek, was not allowed to represent petitioner before the IRS or to receive copies of any correspondence from respondent to petitioner. In that regard, respondent's representative, in her affidavit attached to the summary judgment motion, stated that Mr. Hubacek had been permanently barred from providing tax services and/or representing taxpayers before the IRS. In that regard, petitioner was not prevented from either finding another representative or representing himself, as he did. Under these circumstances, it was not an abuse of discretion to exclude Mr. Hubacek from representing petitioner or receiving copies or correspondence under a proffered power of attorney.

Face-to-Face Meeting

Section 6320(a)(1) requires the Secretary to give persons liable to pay taxes a written notice of the filing of an NFTL. Section 6320(a)(3)(B) and (b)(1) provides that the notice shall inform such persons of the right to request a hearing in respondent's Appeals Office. Section 6320(c) provides that an Appeals Office hearing generally shall be conducted consistently with the procedures set forth in section 6330(c), (d), and (e). The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person against whom the lien is filed may raise any relevant issues relating to the unpaid tax or the lien, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however, only if he did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

In the instant case, the record indicates that the only issues petitioner raised throughout the section 6320 administrative process and in his petition to this Court were frivolous and/or tax protester type arguments. We do not address petitioner's frivolous arguments with somber reasoning and

copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

For example, petitioner contended that the NFTLs are "counterfeited securities".  Likewise, he contended that the Notice of Determination was fraudulent because it does not carry a proper number from the Office of Management and Budget. Amongst others, he has also raised the well-worn argument that he is not subject to or required to pay any income tax unless the Commissioner or his agents can show him a statute that expressly states that he is subject to tax.

To the extent petitioner complains that he did not receive a face-to-face hearing, this Court has held that it is neither necessary nor productive to remand cases to an Appeals Office for face-to-face hearings when a taxpayer raises only frivolous arguments.  Lunsford v. Commissioner, supra at 189.

The arguments or information expressed by petitioner in the telephonic conference were, at best, superficial and did not go to the merits of the underlying 2001 tax liability.  Instead and true to form, petitioner posed the well-worn protester sophistry that he would gladly pay the tax if someone could identify the statute that makes him liable to pay.  The only other matter raised by petitioner was his request that the Appeals officer

provide him with the underlying assessment document(s) referenced in the Form 4340 certification that had been sent to him.

The Court has also reviewed all of the materials forwarded to respondent by petitioner in connection with the administrative proceeding and, likewise, found them to contain "protester type" and frivolous arguments.

Petitioner did not make any justiciable arguments or present any information that properly addressed the merits of the underlying tax liability,[2] the validity of the assessment, or the conduct of the proceeding or compliance with section 6330 requirements. Accordingly, the fact that petitioner was not offered a face-to-face hearing was, in this instance, not an abuse of discretion.

Appeals Officer's Authority

There is little need to dwell on petitioner's argument that the administrative proceeding was flawed because respondent's representatives did not show that they were properly authorized to represent the interests of the Secretary of the Treasury. To the extent that petitioner's argument implies that only the Secretary of the Treasury could conduct a proper proceeding it is frivolous. In the context of whether there was an abuse of

---

[2] With respect to the 2001 tax year, petitioner supplied the Appeals officer with an income tax return that had zeros in all pertinent boxes. He did not show or explain why respondent's determination with respect to that year (for which petitioner had not previously filed a return) was in error.

discretion or any meaningful procedural flaw attributable to any failure of respondent's representative to prove to petitioner that they were authorized, we find that factor to be irrelevant. See Nestor v. Commissioner, 118 T.C. 162, 166 (2002). This is especially true in this case where petitioner's arguments are without substance and where he failed to present any meaningful arguments or information bearing on the merits of the underlying tax liability or respondent's collection efforts.

Form 4340

Petitioner argues that under section 6330 he is entitled to the underlying assessment documents and, ostensibly, that the Form 4340 certification does not meet the statutory requirements. The Appeals officer used Forms 4340, to verify the assessments. We have held that "it was not an abuse of discretion for the Appeals officer to use Forms 4340 for purposes of complying with section 6330(c)(1)." Nestor v. Commissioner, supra at 166; see also Davis v. Commissioner, 115 T.C. 35, 41 (2000); Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6330(c)(1) does not require the Appeals officer to provide taxpayers with a copy of a document verifying that the requirements of any applicable law or administrative procedure have been met. Section 301.6330-1(e)(1), Proced. & Admin. Regs., requires that the Appeals officer obtain verification before

issuing the determination, not that he or she provide it to the taxpayer.  Further, there is no legal requirement that the Appeals officer provide a taxpayer with copies of the delegations of authority, assessment records, or other underlying documents maintained by respondent with respect to a taxpayer's account. Nestor v. Commissioner, supra at 166.  Accordingly, the Appeals officer in this case sufficiently verified the 2001 tax assessments and was not required to provide more.

The 2001 Tax Liability

A taxpayer may challenge the existence or amount of the underlying tax, however, only if he did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo.  Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. at 181-182.

In this case petitioner was not entitled to contest the underlying tax liability for 2001, the only year that this Court has jurisdiction to consider.  Even if petitioner had been entitled to contest the underlying tax liability, other than

protester arguments, he presented nothing more than an income tax return with a zero in each pertinent box.  Accordingly, respondent's motion for summary judgment will be granted, and petitioner's cross-motion for summary judgment will be denied.

Section 6673 Penalty

Respondent has requested that the Court impose a penalty under section 6673 on the ground that the arguments advanced by petitioner to respondent and the Court are frivolous.  Section 6673(a)(1) authorizes the Court to impose a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the position of the taxpayer in such proceeding is frivolous or groundless.  In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued a warning concerning the imposition of a penalty under section 6673(a)(1) on those taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions.  The Court has since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.  See, e.g., Craig v. Commissioner, 119 T.C. 252, 264-265 (2002) (and cases cited therein).

Petitioner's arguments in this case are frivolous and without substance.  He has taken numerous unrelated legal

concepts, most of which have been rejected by the courts, and posed them as reasons why he is not compelled to report or pay Federal income tax.  He has wasted the time and tied up the resources of the Government with matters that are without substance or merit.  Accordingly, a $2,000 penalty under section 6673 will be imposed against petitioner.[3]

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[3] Petitioner is also involved in some manner in two other cases, now pending before this Court.  He is admonished not to continue presenting the same frivolous arguments in those cases or he may subject himself to additional penalties under sec. 6673.