T.C. Memo. 1998-68


UNITED STATES TAX COURT


WALTER RAYMOND WILKERSON AND SUSAN GEE WILKERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13797-95.                    Filed February 19, 1998.


Walter Raymond Wilkerson, pro se.

<u>William Henck</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined income tax deficiencies, additions to tax, and a penalty in petitioners' 1988 and 1989 Federal income tax as follows:

| | | Additions to Tax | | | Penalty |
|---|---|---|---|---|---|
| | | Sec. | Sec. | Sec. | Sec. |
| <u>Year</u> | <u>Deficiency</u> | <u>6651(a)(1)</u> | <u>6653(a)(1)</u> | <u>6661</u> | <u>6662(a)</u> |
| 1988 | $12,230 | $3,014 | $927 | $3,058 | --- |
| 1989 | 9,276 | 1,559 | --- | --- | $1,855 |

Section references are to the Internal Revenue Code for the years under consideration, and Rule references are to the Tax Court Rules of Practice and Procedure. After concessions[1] by the parties, the issues remaining for our consideration are: (1) Whether petitioners are liable for delinquency and/or negligence penalties for 1988 and/or 1989; and (2) whether petitioners have shown their entitlement to depreciation of cattle claimed on their Schedule F for 1988 and 1989.

### FINDINGS OF FACT[2]

At the time their petition was filed, petitioners, who at all pertinent times were married, had their legal residence at Richmond, Virginia. Petitioners' 1988 joint Federal income tax return was received by respondent on April 3, 1990, and had an extended due date of August 15, 1989. Petitioners' 1989 joint Federal income tax return was received by respondent on

---

[1] Respondent determined that petitioners are liable for an addition to tax under sec. 6661 for 1988. At the trial, petitioners did not mention this part of the determination. In addition, the parties were required to file briefs in a seriatim pattern, with respondent filing the opening brief. Petitioners failed to file a brief in response to respondent's opening brief, filed Sept. 23, 1997. Due to their failure to mention the sec. 6661 issue at trial and failure to provide argument and/or explanation regarding it on brief, we consider this issue abandoned, and respondent's sec. 6661 determination for 1988 is sustained.

[2] The parties' stipulation of facts and exhibits are incorporated by this reference.

November 2, 1992, and had an extended due date of October 15, 1990. Petitioners did not file income tax returns with the Commonwealth of Virginia for their 1988 or 1989 tax years. On May 27, 1992, petitioners provided an unsigned Form 1040 for the 1989 taxable year to respondent's revenue agent, who was examining petitioners' 1988 and 1989 taxable years. The information on the unsigned May 27, 1992, and the signed November 2, 1992, returns was the same.

Walter R. Wilkerson (petitioner) had been a certified public accountant since 1978, and he practiced, including the preparation of tax returns, during the years before the Court. During February 1992, petitioner was indicted on 15 counts of scheming to defraud by forgery on U.S. Treasury checks in violation of 18 U.S.C. sections 2 and 510 and 11 counts of mail fraud in violation of 18 U.S.C. sections 2 and 1341. Petitioner pleaded guilty to one count of scheming to defraud by forgery on a U.S. Treasury check in violation of 18 U.S.C. sections 2 and 510 and on September 30, 1992, was sentenced to serve 15 months in a Federal penitentiary.

Petitioner deposited, into a bank account over which he had control, a client's Federal tax refund checks in the amounts of $27,617.17 and $22,759.07 during 1988 and 1989, respectively. Petitioners reported $17,823.47 and $19,817.87, respectively, of the diverted client's refund checks, as though it represented

farming income, on Schedules F of their 1988 and 1989 Federal income tax returns. Petitioners failed to report $9,793.70 and $2,941.20 of the diverted refund checks on petitioners' 1988 and 1989 income tax returns, respectively. Respondent correctly disallowed $13,367.60 of cost of goods sold claimed by petitioners on Schedule F attached to their 1988 Federal income tax return. Petitioners, for 1989, failed to report taxable fee income from clients totaling $16,322. Petitioners did not fail to report $750 in fee income from D & D Supply for 1989, as determined by respondent.

## OPINION

We first consider whether petitioners are liable for the additions to tax under section 6651(a)(1) for their failure to file Federal income tax returns for 1988 and 1989. Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a timely return unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect". The addition to tax is 5 percent of the amount required to be shown on the return for each month beyond the return's due date, not to exceed 25 percent. Sec. 6651(a)(1).

Petitioners must show that their failure to timely file Federal income tax returns for 1988 and 1989 was due to reasonable cause and not due to willful neglect. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985). The parties

here have stipulated that petitioners' 1988 and 1989 joint Federal income tax returns were not received by respondent until more than 5 months after their due dates, as extended. Petitioners, both of whom are experienced tax return preparers, testified that they had also timely mailed returns to respondent, and the returns that were received by respondent had been sent in response to notices from respondent.  Respondent had no record of receiving any returns from petitioners for 1988 or 1989, other than the ones that were untimely received and the unsigned version that was received by respondent's agent.  The unsigned return received by respondent's agent would have also been more than 5 months delinquent on the date received.

We do not accept petitioners' uncorroborated testimony that they had timely mailed returns to respondent.  They did not provide any details concerning the preparation and mailing of the returns and, because they also failed to file State returns, cannot corroborate the existence of a Federal return's having been attached to timely State returns for the same taxable periods.  Petitioners' suggestion that respondent did not receive their allegedly timely filed returns 2 years in a row is uncorroborated and not credible.  Accordingly, we hold that petitioners are liable for 25-percent additions under section 6651 for failing to timely file their 1988 and 1989 joint Federal income tax returns.

Next, we consider whether petitioners are liable for a negligence addition under section 6653(a)(1) for 1988 and/or a penalty under section 6662(a) for 1989. For 1988, the addition amounts to 5 percent of any underpayment, and for 1989 the penalty amounts to 20 percent of the portion of the underpayment attributable to negligence. In that regard, respondent determined that the entire underpayment is due to negligence. Negligence has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioners, one of whom is a certified public accountant and both of whom have experience in tax return preparation, failed to report fee income and income from other sources. In addition, for each year, petitioners reported a portion of diverted refund checks of a client as though it were income from farming, from which, in 1 year, they claimed a cost of goods sold that they now concede. Their actions belie any possibility of reasonableness in this setting. Accordingly, we hold that petitioners are liable for negligence for 1988 and with respect to the entire underpayment redetermined for 1989.

Finally, petitioners claimed at trial that they are entitled to depreciation on cattle for 1988 and 1989. In support of their claim, petitioners produced a check and a note, each in the amount of $12,950 and dated June 17, 1989. On the memo portion

of the check is written the explanation "Deposit for 37 cows".
Although petitioners alleged ownership of depreciable livestock,
they have not shown such livestock was acquired.  In addition,
petitioner, who is an accountant, did not provide any
depreciation schedule or other records which would show the cost,
depreciation claimed, and basis remaining of the assets.
Petitioners have also failed to show that the animals were held
for breeding or dairy purposes so as to be eligible for
depreciation.  See, e.g., Rudolph Inv. Corp. v. Commissioner,
T.C. Memo. 1972-129.  We accordingly hold that petitioners have
not shown their entitlement to depreciation of cattle for 1988 or
1989.

To reflect the foregoing and concessions of the parties,

Decision will be entered under
Rule 155.