T.C. Memo. 2003-122

UNITED STATES TAX COURT

LAVONNE ALLEN HODGSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8884-02L.                    Filed April 28, 2003.

LaVonne Allen Hodgson, pro se.

<u>Donna F. Herbert</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner, while residing in Santa Maria,
California, petitioned the Court under section 6330(d) to review
respondent's filing of a notice of lien under section 6323.
Respondent filed the lien on petitioner's property to secure
petitioner's payment of his 1994 Federal income tax liability of
$3,385.56.  Currently, the case is before the Court on

respondent's motion for summary judgment under Rule 121 and to impose a penalty under section 6673. Petitioner responded to respondent's motion under Rule 121(b).

We shall grant respondent's motion for summary judgment and shall impose a $5,000 penalty against petitioner. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner's liability was determined by this Court in our opinion Hodgson v. Commissioner, T.C. Memo. 1998-70. In addition, on October 19, 2000, the Court rendered an oral opinion against petitioner with respect to respondent's proposed levy to collect petitioner's 1994 tax liability. The Court held in the oral opinion that respondent could proceed with the collection action as determined in the notice of determination.

On December 3, 2001, respondent mailed to petitioner a Letter 3172--Notice of Federal Tax Lien Filing and Your Right to a Hearing (lien notice) for 1994. Enclosed with the lien notice was a copy of Form 12153, Request for a Collection Due Process Hearing. On January 9, 2002, respondent received from petitioner Form 12153 requesting the hearing regarding the lien.

On April 3, 2002, a hearing was held between respondent's Appeals officer and petitioner. At the hearing, the Appeals

officer provided petitioner with a copy of Form 4340, Certified Transcript, for petitioner's 1994 income tax liability.

On April 23, 2002, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1994.  This notice reflected the determination of Appeals to sustain the lien.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As will be shown in the discussion that follows, petitioner has raised no genuine issue as to any material fact. Accordingly, we shall grant respondent's motion for summary judgment.

Section 6321 imposes a lien in favor of the United States on all of a person's property and rights to property where the person is liable to pay any tax and neglects or refuses to pay the same after demand. Under section 6322, the lien arises at the time the assessment is made and continues until the liability for the amount so assessed is paid. Section 6323(a) requires the Secretary to file a notice of Federal tax lien in order for the lien to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent

with the procedures set forth in section 6330(c), (d), and (e). See, e.g., Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing); and, if dissatisfied, the person may seek judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, supra.

We review respondent's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Hodgson v. Commissioner, T.C. Memo. 1998-70.

Petitioner's allegations that respondent's determination "was both lawless and erroneous" can be summarized as follows: (1) The lien notice was not signed by the Secretary or his delegate; (2) the Appeals officer failed to obtain and present at the hearing the verification from the Secretary required by section 6330(c)(1); (3) petitioner never received a notice and demand for payment from the Secretary; (4) "the Congress did not authorize the assessment and/or collection of a '1040' 'Kind of Tax'"; and (5) "the CDP hearing was a mockery and a farce and provided none of the safeguards against illegal IRS seizures that Congress envisioned when it enacted Code Sections 6320 and 6330." Petitioner's allegations are frivolous and without any merit.

Therefore, we do not see any need to address those allegations. See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1147 (5th Cir. 1984); <u>Craig v. Commissioner</u>, 119 T.C. 252, 259-264 (2002) (and cases cited threat). We sustain respondent's determination as to the lien as a permissible exercise of discretion. We now turn to the requested penalty under section 6673.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceedings is frivolous or groundless. We have repeatedly indicated our willingness to impose such penalties in a lien and levy review case. <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002). Moreover, we have imposed penalties in such proceedings when the taxpayer has raised frivolous and groundless arguments as to the legality of the Federal tax laws. <u>Yacksyzn v. Commissioner</u>, T.C. Memo. 2002-99; <u>Watson v. Commissioner</u>, T.C. Memo. 2001-213; <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87.

On the basis of the record, we believe that petitioner has instituted and maintained these proceedings primarily for delay and has advanced only frivolous and groundless shopworn arguments. He was warned by Appeals at the hearing and was advised by the Court in <u>Hodgson v. Commissioner</u>, T.C. Memo. 1998-

70, that "the amount of the penalty may be greater if he persists with his tax protester position in the future." Notwithstanding our warnings, petitioner continued advancing frivolous and groundless claims in these proceedings. Pursuant to section 6673, we require petitioner to pay to the United States a penalty of $5,000.

We have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit. To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.