T.C. Summary Opinion 2008-59

UNITED STATES TAX COURT

RICHARD KEITH MCFARLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15358-06S.                Filed May 22, 2008.

Richard K. McFarland, pro se.

<u>Elizabeth R. Proctor</u>, for respondent.

LARO, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the

decision to be entered is not reviewable by any other court, and

_____

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts have been rounded.

this opinion shall not be treated as precedent for any other case.

This case was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The issue for decision is whether respondent may proceed with collection of petitioner's 2001 income tax liability. We hold that he may. We also decide on our own motion whether petitioner is liable for a penalty pursuant to section 6673. We hold that he is and impose a penalty of $3,500.

## Background

Some of the facts have been deemed stipulated pursuant to Rule 91(f).[2] The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. When he petitioned this Court, petitioner resided in Michigan.

---

[2] In a meeting on Oct. 9, 2007, petitioner informed respondent that petitioner objected to all of the facts stated in respondent's proposed stipulation of facts. On Oct. 12, 2007, respondent filed a motion to show cause why proposed facts in evidence should not be accepted as established pursuant to Rule 91(f) to which was attached respondent's proposed stipulation of facts. In an order dated Oct. 18, 2007, the Court granted respondent's motion and ordered petitioner to file a response showing why the matters set forth in respondent's motion should not be deemed admitted. Petitioner failed to comply with the Court's order. In an order dated Oct. 31, 2007, the Court made absolute its order to show cause and deemed established the facts and evidence set forth in respondent's proposed stipulation of facts and accompanying exhibits.

Petitioner mailed to respondent a 2001 Form 1040, U.S. Individual Income Tax Return. Petitioner did not enter on the form any financial information for the taxable year but entered zeros on every line regarding income and reported his total income for 2001 as zero. Petitioner's 2001 filing status was marked as single, but he did not claim the standard deduction on the basis of his filing status. Petitioner claimed a personal exemption for himself.

Petitioner attached two typewritten pages to his Form 1040, which contain frivolous tax-protester arguments.[3] On April 16, 2004, respondent sent a letter to petitioner informing petitioner that petitioner's return appeared to be frivolous and that if he failed to respond within 30 days, a notice of deficiency would be issued.

On September 20, 2004, respondent issued a notice of deficiency to petitioner with respect to his 2001 taxable year. Respondent computed petitioner's 2001 income using third-party information returns. The adjustments to petitioner's income included:

---

[3] The attached pages appear to be a generic tax protester document that contains blanks in which to enter the name of the person completing the document, the taxable year to which the document relates, and the amount (if any) of taxes withheld.

| | |
|---|---:|
| Standard deduction | ($4,550) |
| Exemptions | (2,900) |
| Wages--W2--Employee Management Concepts | 25,913 |
| Wages--W2--Elite Leasing Group LLC | |
| Unemployment compensation - Michigan | 8,274 |
| Empl Sec Comm | 1,800 |
| Total | 28,537 |

The notice of deficiency also determined additions to tax under section 6651(a)(1) of $1,040.75, and under section 6654 of $166.37. The notice of deficiency indicated that the last date on which petitioner could petition this Court was December 20, 2004. On December 13, 2004, petitioner contacted respondent and stated that he received the notice of deficiency. Petitioner failed to petition this Court.

On February 25, 2006, respondent issued to petitioner a final notice of intent to levy and of the right to a hearing. On March 23, 2006, petitioner timely filed with respondent a "Request for a Collection Due Process Hearing" to which several documents were attached, including a document entitled "Request For A Collection Due Process Hearing As Provided For In Code Sections 6320 & 6330" and "page 73 of Senator Roth's book 'The Power to Destroy'". In the hearing requests, petitioner made numerous frivolous or irrelevant information requests typical of tax-protesters and demanded that respondent provide at the hearing such information as "the official job description(s) of those IRS employees who imposed the 'frivolous' penalty."

On May 10, 2006, respondent's Office of Appeals (Appeals) mailed to petitioner a letter notifying him, in part, that Appeals had received petitioner's request for a collection due process hearing and had scheduled a telephone conference call for petitioner on June 19, 2006.  That letter notified petitioner that he would be allowed a face-to-face conference if any relevant, nonfrivolous issue was raised in writing or via telephone.  The letter also warned petitioner that this Court is empowered to impose sanctions of up to $25,000 on petitioner for instituting or maintaining an action primarily for delay or for taking a position that is frivolous or groundless.  On June 19, 2006, Appeals called petitioner and made the following notes pursuant to the call:

> Called taxpayer at 10:00am CST and introduced myself along with giving him my ID number.  I explained to him that I am conducting a hearing that he requested * * * I informed him that the IRS has followed all applicable law and administrative procedures.  I informed him that we are to discuss the levy issues for tax years 2001 and 2004.  He stated that he requested a face-to-face.  He start [sic] reading the IRS Supreme Court Ruling about filing taxes under penalty under [sic] perjury.  He asked me if I knew what a "PRA" meant.  I asked him to state only relevant issues relating to the tax liability * * * He began to read some more quotes and IRC's.  I stated that if he did not have any relevant issues such as collection alternatives or challenges to the existence or amount of the underlying liability, the call will be terminated.  The taxpayer stated that he had relevant issues and began to read more quotes and IRC's.  I then terminated the call.

On July 7, 2006, respondent mailed the notice of determination to petitioner.  The notice of determination stated

that Appeals had verified or received verification that all applicable laws and administrative procedures had been followed and had balanced the proposed collection action with the concern that such action be no more intrusive than necessary.

On August 2, 2006, petitioner petitioned this Court requesting the following relief:[4]

> No satutory notice and demand for payment was sent persuant to IRC section (6331)(A) via Form 17 A. No collection due process hearing was held pesuant to IRC section (6230)(A)(3)(B) No valid assessmant by the IRS exhists persuant to IRC section (6201)(A)(1) The IRS violated IRC section (6020)(B) via the return that they created and did not sine or swear to under penalty of perjury. I also believe that the form 1040 in this case has no valid office of management and budget control number. Also the 1040 regulation is found at: 5 (CFR)(1320.9) wich states that it is a preposal. Relief sought, have the record exponged

Petitioner's case was set for trial on November 26, 2007. During the trial petitioner asserted that he believed he was a tax-protester, stating: "I'm a member of the We the People Foundation lawsuit against the United States Government before the Supreme Court right now." The Court warned petitioner that protesting tax through frivolous arguments could subject petitioner to monetary penalties.

---

[4] We note the various misspelled words and grammatical errors but do not point them out repeatedly.

## Discussion

1.  Section 6330 Levy

Section 6330 provides for notice and opportunity for a hearing before the Commissioner may levy upon the property of any person.  At the hearing the person may raise any relevant issue relating to the unpaid tax or proposed levy, including challenges to the appropriateness of the collection action and offers of collection alternatives.  The person may challenge the existence or amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). Once Appeals issues a notice of determination, the person may seek judicial review in this Court.  Sec. 6330(d)(1).  Unless the validity of the underlying tax liability is properly at issue, we review the determination for abuse of discretion.  Sego v. Commissioner, supra at 609-610.

The validity of the underlying tax liability is not properly at issue.  Petitioner concedes that during 2001 he received $25,913 from Employee Management Concepts, $8,274 from Elite Leasing Group LLC, and $1,800 from Michigan Employment Security Commission.  Petitioner also concedes that he submitted to respondent a 2001 Form 1040 reporting that he had no income for 2001.  Respondent has shown good cause not to suspend the levy,

inasmuch as petitioner raised only frivolous arguments during his appeal and has never proposed any collection alternatives. See Burke v. Commissioner, 124 T.C. 189, 195-197 (2005). We conclude that Appeals did not abuse its discretion as to the matter at hand, and we sustain the determinations of Appeals that the proposed levy is appropriate.

2.  Section 6673(a)(1) Penalty

The Court now considers sua sponte whether to impose a penalty against petitioner pursuant to section 6673(a)(1). That section provides that the Court may require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever, among other reasons, it appears either that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

Petitioner was warned repeatedly that his frivolous and groundless positions in this proceeding could subject him to penalties pursuant to section 6673; he has chosen to disregard these warnings. We conclude that petitioner's positions in this proceeding are frivolous and groundless. On the record before us, we are convinced that petitioner has instituted and maintained this proceeding primarily for delay and has advanced frivolous and groundless arguments. See Hodgson v. Commissioner, T.C. Memo. 2003-122 (and the cases cited therein). In the light

of the foregoing, we believe sanctions are necessary to deter petitioner and other similarly situated taxpayers from comparable dilatory conduct. Pursuant to section 6673(a)(1), we impose against petitioner a penalty of $3,500.

We have considered all of petitioner's contentions and allegations that are not discussed herein, and we find them to be without merit and/or irrelevant. To reflect the foregoing,

An appropriate order and decision will be entered.