T.C. Memo. 2015-94

UNITED STATES TAX COURT

ETHEL LINDA FRIERSON-HARRIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25593-13L.                          Filed May 18, 2015.

Ethel Linda Frierson-Harris, pro se.

Peter N. Scharff, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioner, while residing in New York, petitioned the Court under sections 6320 and 6330 for review of respondent's determination to sustain the filing of a notice of Federal tax lien (NFTL) with respect to petitioner's Federal income tax liabilities for the 2006, 2007, and 2008 tax years (years at

[*2] issue).[1]  Currently, the case is before the Court on respondent's motion for summary judgment (motion) under Rule 121(a).  The Court ordered petitioner to respond to the motion, but she failed to do so.  The sole issue for decision is whether respondent is entitled to a summary adjudication that the Office of Appeals (Appeals) did not abuse its discretion in rejecting petitioner's proposed collection alternatives.  We hold that respondent is so entitled, and we will grant respondent's motion.

## Background

Our background statement of this case is derived from the pleadings, the motion, and the exhibits attached to the declaration that respondent filed in support of his motion.

Petitioner did not file a Federal income tax return for any year at issue.  As a result, respondent prepared for each year a substitute for return that met the requirements of section 6020 and issued to petitioner a statutory notice of deficiency for each of the years at issue.  Petitioner failed to file a petition challenging the notices of deficiency.  Respondent subsequently assessed tax, interest, and penalties against petitioner for each of the years at issue.  Aside from

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3] income tax withholding, petitioner failed to make any payments toward her assessed tax liabilities for the years at issue.

On March 27, 2012, respondent issued to petitioner by certified mail a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (FNIL), advising her that respondent intended to collect unpaid tax liabilities for the years at issue. The FNIL further advised petitioner of her right to request a collection due process (CDP) hearing with Appeals. To request a CDP hearing, petitioner had to complete a Form 12153, Request for a Collection Due Process or Equivalent Hearing, and mail it to respondent within 30 days from the date of the FNIL. On April 26, 2012, respondent issued to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, setting forth petitioner's unpaid tax liabilities for the years at issue and advising her that she could request a CDP hearing to appeal the lien but had to do so by June 4, 2012.

On June 4, 2012, petitioner submitted by fax a completed Form 12153 requesting a CDP hearing with respect to both the FNIL and the NFTL. On the Form 12153 petitioner requested that respondent consider both an installment agreement and an offer-in-compromise as collection alternatives. If her request

[*4] for a CDP hearing did not meet the requirements for a timely request, petitioner requested a CDP equivalent hearing by checking the appropriate box on the Form 12153.

Petitioner designated her spouse, Michael Wesley Frierson-Harris (Frierson-Harris), as her authorized representative for the purposes of the CDP hearing. Frierson-Harris spoke with Appeals by telephone on several occasions to discuss a potential resolution to petitioner's tax liabilities. On April 1, 2013, Frierson-Harris sent to Appeals a letter stating that "[t]he only issue we want to have heard is our offer to pay the taxes and penalties owed out of the sale/auction of a condominium we owe [sic]." On June 19, 2013, Settlement Officer Marilyn Matthews (SO Matthews) issued to petitioner a letter scheduling a telephone conference for July 24, 2013, and informing her that her requests for a CDP hearing with respect to the NFTL and the FNIL were untimely. The June 19, 2013, letter further stated that the telephone conference would serve as a CDP equivalent hearing with respect to the NFTL and the FNIL. In addition, the June 19, 2013, letter stated that in order for SO Matthews to consider alternative collection methods such as an offer-in-compromise or an installment agreement, petitioner had to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, in addition to

[*5] supporting documentation; signed Forms 1040, U.S. Individual Income Tax Return, for the 2011 and 2012 tax years; and a copy of the condominium sales contract, all within 14 days of the June 19, 2013, letter. SO Matthews informed petitioner that she would not be able to consider collection alternatives unless these items were submitted to her.

In letters dated July 9 and 22, 2013, Frierson-Harris informed SO Matthews that petitioner disagreed with her determination that the CDP hearing requests were not timely. Frierson-Harris further stated that neither petitioner nor Frierson-Harris would participate in the scheduled conference call unless SO Matthews reversed her determination as to the timeliness of petitioner's CDP hearing requests. In a letter dated July 31, 2013, SO Matthews informed Frierson-Harris that the CDP hearing request with respect to the NFTL was timely but the CDP hearing request with respect to the FNIL was untimely. SO Matthews extended the time to August 20, 2013, for petitioner to provide the requested information and offered to reschedule both the CDP hearing and the CDP equivalent hearing for a later date.

Petitioner did not submit any of the requested materials to SO Matthews. Instead, in a letter dated August 14, 2013, Frierson-Harris informed SO Matthews that petitioner was not willing to participate in either a CDP hearing with respect

**[\*6]** to the NFTL or a CDP equivalent hearing with respect to the FNIL until SO Matthews reversed her determination that with respect to the FNIL petitioner's Form 12153 was untimely.  SO Matthews subsequently closed petitioner's case, and on September 26, 2013, respondent issued to petitioner a Notice of Determination Concerning Collective Action(s) Under Section 6320 and/or 6330 (notice of determination) for the years at issue, upholding the filing of the NFTL.

Petitioner timely petitioned the Court challenging the notice of determination with respect to both the NFTL and the FNIL.  We dismissed for lack of jurisdiction that part of petitioner's petition that applied to the FNIL.[2]

Discussion

Summary judgment is intended to avoid unnecessary and expensive trials and to expedite litigation.  Hodgson v. Commissioner, T.C. Memo. 2003-122, 2003 WL 1960405, at \*1.  Summary judgment is appropriate with respect to any or all of the legal issues in controversy if "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine

_____

[2]Petitioner and Frierson-Harris jointly filed the petition.  Because the notice of determination was issued solely to petitioner, by order dated March 12, 2014, we dismissed the petition insofar as it relates to Frierson-Harris for lack of jurisdiction.

**[*7]** dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see also Neugebauer v. Commissioner, T.C. Memo. 2003-292, 2003 WL 22390275, at *2. The moving party bears the burden of showing that there are no genuine issues of material fact, and we draw factual inferences in a manner most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

Petitioner has raised no genuine dispute as to any material fact, and respondent supported his motion with pleadings, exhibits, and an affidavit by SO Matthews, which petitioner failed to contest. Accordingly, we conclude that this case is ripe for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Section 6321 imposes a lien in favor of the United States on the property of a person who neglects or refuses to pay any tax for which she is liable. The lien arises at the time that the tax liability is assessed and generally continues until the liability is satisfied. Sec. 6322. In order for the lien to be valid against any purchaser, judgment lien creditor, mechanic's lienor, or holder of a security interest, the Secretary must file an NFTL in compliance with the requirements of section 6323. Lindsay v. Commissioner, T.C. Memo. 2001-285, 2001 WL 1241972, at *1, aff'd, 56 Fed. Appx. 800 (9th Cir. 2003).

[*8]    When filing an NFTL, the Secretary must provide the delinquent taxpayer

with notice under section 6320 of the NFTL filing and cannot proceed with any

collection activity until the taxpayer has been given the opportunity for an

administrative review in the form of a CDP hearing or an equivalent hearing.  Sec.

6320; see also sec. 6330; Davis v. Commissioner, 115 T.C. 35, 37 (2000)

(discussing the requirements of section 6330); Cunningham v. Commissioner, T.C.

Memo. 2014-200, at *10 (the procedures with respect to an NFTL CDP hearing

are the same as those for a CDP hearing for a notice of levy under section 6330).

If the taxpayer requests such a hearing, she may raise at the hearing any relevant

issues related to the NFTL filing or the unpaid tax including:  (1) challenges to the

underlying tax liability where the taxpayer did not receive a statutory notice of

deficiency or did not otherwise have an opportunity to dispute the liability; (2)

offers of collection alternatives; and (3) challenges to the appropriateness of the

collection actions.  Secs. 6320(c), 6330(c).  The Appeals officer making the

determination as to whether to proceed with a collection action against the

taxpayer must (1) verify that the requirements of any applicable law or

administrative procedure have been met, (2) consider the issues raised by the

taxpayer at the hearing, if any, and (3) evaluate whether the proposed collection

action balances the Government's need for the efficient collection of taxes with

[*9] the taxpayer's legitimate concern that a collection action be no more intrusive than necessary. Sec. 6330(c)(3); Venhuizen v. Commissioner, T.C. Memo. 2012-270, at *9. After Appeals makes a determination as to whether to proceed with its proposed collection action, this Court has jurisdiction to review the determination under section 6330(d).

We review the determination de novo only where the validity of the underlying tax liability was properly at issue at the hearing. Goza v. Commissioner, 114 T.C. 176, 181 (2000). We review the determination for abuse of discretion with respect to all other issues. Id. at 182. Under the abuse of discretion standard of review, we will not disturb Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. Venhuizen v. Commissioner, at *12. Petitioner does not contest her underlying liabilities. Instead, petitioner contends that with respect to her request for a CDP hearing, respondent waited approximately a year to act, ignored her request for a CDP hearing, and made the determinations in the notice of determination against her objections. Accordingly, we review respondent's determination for abuse of discretion.

Petitioner submitted her Form 12153 request for a CDP hearing on June 4, 2012. By letter dated June 19, 2013, respondent scheduled a telephone CDP

**[\*10]** equivalent hearing for July 24, 2013. Respondent's account transcript shows that petitioner, Frierson-Harris, and respondent had regular and substantial contact in the intervening time, with respondent asking for additional information or documentation concerning petitioner's matter. Petitioner failed to provide this information in most instances. During this intervening time the case was transferred between Appeals branch offices after respondent learned of petitioner's change of address. The case was subsequently reassigned to SO Matthews.

In the June 19, 2013, letter, SO Matthews stated that petitioner's CDP hearing request was untimely. By letter dated July 9, 2013, Frierson-Harris contested this determination of untimeliness. By letter dated July 22, 2013, Frierson-Harris informed SO Matthews that neither he nor petitioner would participate in the scheduled July 24, 2013, hearing. By letter dated July 31, 2013, SO Matthews revised her determination of untimeliness with respect to the CDP hearing request for the NFTL, extended the time for petitioner to submit requested documentation, and indicated that she would schedule a new CDP hearing upon receipt of those documents. By letter dated August 14, 2013, Frierson-Harris informed SO Matthews that neither he nor petitioner would participate in a CDP hearing with respect to the NFTL unless SO Matthews revised her determination that the Form 12153 was untimely with respect to the FNIL. Petitioner did not

**[\*11]** submit the information and documentation that SO Matthews requested. SO Matthews was unable to consider petitioner's proposed collection alternatives absent this documentation and thereafter closed the NFTL case.

On the basis of the record in this case, we find no procedural or substantive defects in Appeals' determination that would justify our disturbing SO Matthews' decision to sustain the NFTL filing. A delay in CDP proceedings is in and of itself not sufficient to find that the Internal Revenue Service abused its discretion where the primary factors contributing to the delay are petitioner's failure to provide documentation and transfers of the case between Appeals officers done in the regular course of business. See Johnson v. Commissioner, 136 T.C. 475, 498 (2011), aff'd, 502 Fed. Appx. 1 (D.C. Cir. 2013). The notice of determination confirms that SO Matthews verified that all requirements of applicable law and administrative procedure have been met. See Venhuizen v. Commissioner, at \*12. SO Matthews' correspondence with petitioner and Frierson-Harris demonstrates that she took petitioner's concerns into account and revised her determination as to the issue of timeliness of the CDP hearing request at Frierson-Harris' urging. SO Matthews provided petitioner with more than one opportunity to submit substantiating information and documentation, which petitioner failed to do. See Kanofsky v. Commissioner, T.C. Memo. 2010-46, 2010 WL 845943, at \*4, aff'd,

[*12] 424 Fed. Appx. 189 (3d Cir. 2011). SO Matthews was unable to consider issues petitioner raised at the CDP hearing because petitioner refused to participate in a CDP hearing. As a result, SO Matthews closed the case. An Appeals officer is not required to attempt to negotiate with a taxpayer indefinitely. Kuretski v. Commissioner, T.C. Memo. 2012-262, at *11, aff'd, 755 F.3d 929 (D.C. Cir. 2014). SO Matthews thereafter made her determination on the basis of the information available to her, balancing the need for efficient collection of tax with petitioner's concerns that the collection action be no more intrusive than necessary and concluded that the notice was proper.

On these facts, we conclude that Appeals did not act arbitrarily, capriciously, or without sound basis in fact or law. In addition, the Court finds there is no genuine dispute of material fact. Respondent's motion for summary judgment will be granted, and respondent's collection action will be sustained. We have considered all of the parties' arguments, and to the extent not discussed herein we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.