T.C. Memo. 2014-140

UNITED STATES TAX COURT

SYNERGY ENVIRONMENTAL, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9376-12L.                        Filed July 15, 2014.

<u>Paul E. Kent</u>, for petitioner.

<u>Lisa R. Woods</u> and <u>Bryant Smith</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This matter is currently before the Court pursuant to the

parties' joint motion to submit this case on a stipulated record under Rule 122.[1]

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and in effect at all relevant times.  Amounts are rounded to the nearest dollar.

[*2] Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action Under Section 6320. The issue for decision is whether respondent abused his discretion by rejecting petitioner's proposed offer-in-compromise (OIC).

Background

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulation which were found admissible are incorporated by this reference. Petitioner, a defunct corporation, maintained its principal place of business in California when the petition was filed.

On August 31, 2010, respondent received an OIC (August 31 OIC) from petitioner, offering $600 to compromise unpaid Federal income tax liabilities for tax years ending September 30, 1997, 1998, 1999, and 2000 (years at issue). Respondent rejected the August 31 OIC.

In June 2011 respondent issued petitioner a notice (lien notice) indicating that a notice of Federal tax lien had been filed with respect to its outstanding tax liabilities for the years at issue and informing it that it was entitled to a hearing under section 6320.

In late July 2011 petitioner appealed the rejection of the August 31 OIC to the IRS Appeals Office (Appeals). A few days later petitioner timely requested a

**[\*3]** section 6320 hearing regarding the lien notice with Appeals. In the hearing request, petitioner proposed an OIC as a collection alternative.

Appeals assigned the section 6320 hearing and the appeal of the August 31 OIC rejection to Appeals Officer Owyang (AO Owyang), who was not previously involved with the August 31 OIC. AO Owyang held the hearing. Petitioner did not challenge the underlying liabilities during the hearing but did propose the August 31 OIC as a collection alternative. In mid-March 2012 AO Owyang sent petitioner a determination notice sustaining the notice of lien filing. With respect to the August 31 OIC as a collection alternative, the determination notice stated that "[b]ecause the Offer in Compromise was filed on 07/29/2010, a year earlier than the Request for a Collection Due Process Hearing for the filed federal tax lien, any decision on the Offer in Compromise is covered under an earlier, separate work unit." Around two weeks after AO Owyang sent the determination notice, he sent a separate letter to petitioner sustaining respondent's rejection of the August 31 OIC. Attached to the letter was an "Appeals Case Memorandum" explaining the decision.

Petitioner filed a petition with this Court challenging the determination.

[*4]                                        Discussion

A lien in favor of the United States on all property and rights to property of

a person liable for taxes (taxpayer) is imposed when a demand for the taxes has

been made and the taxpayer fails to pay.  Sec. 6321.  The lien arises when an

assessment is made.  Sec. 6322.  Generally, in order for the lien to be valid against

third parties, the Secretary must file a lien notice with certain State or local

authorities where the taxpayer's property is situated.  Sec. 6323(a), (f); Lindsay v.

Commissioner, T.C. Memo. 2001-285, aff'd, 56 Fed. Appx. 800 (9th Cir. 2003).

The Secretary must furnish the taxpayer with written notice of the filing of a

lien notice and of the taxpayer's right to a hearing concerning the lien.  Sec.

6320(a)(1), (3).  If the taxpayer timely requests a hearing, the hearing is to be

conducted by an officer or employee of Appeals who has had no prior involvement

with respect to the unpaid taxes.  Sec. 6320(b)(1), (3), (c).

We have jurisdiction to review Appeals' determinations.  Secs. 6320(c),

6330(d).  Determinations with respect to the underlying tax liability are reviewed

de novo, whereas determinations concerning collection matters are reviewed for

abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v.

Commissioner, 114 T.C. 176, 181-182 (2000).  Petitioner does not dispute the

[*5] underlying liabilities.  Consequently, we review the Appeals officer's determination for abuse of discretion.

The abuse of discretion standard requires the Court to decide whether the Commissioner's determination was arbitrary, capricious, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166, aff'd in part, 568 F.3d 710 (9th Cir. 2009); Fowler v. Commissioner, T.C. Memo. 2004-163.

The taxpayer may raise at the hearing "any relevant issue" relating to the unpaid tax or the lien, including offers of collection alternatives such as an OIC.  Secs. 6320(c), 6330(c)(2)(A).  The determination by Appeals must take into consideration any relevant issues raised by the taxpayer.  Secs. 6320(c), 6330(c)(3)(B).  The determination notice must set forth Appeals' findings and decisions as to such issues.  See sec. 301.6320-1(e)(3), Q&A-E8, Proced. & Admin. Regs.

With respect to the August 31 OIC petitioner proposed as a collection alternative in the section 6320 hearing, the determination notice states only that "[b]ecause the Offer in Compromise was filed on 07/29/2010, a year earlier than the Request for a Collection Due Process Hearing for the filed federal tax lien any decision on the Offer in Compromise is covered under an earlier, separate work

**[\*6]** unit." This statement does not find or decide anything with respect to the appropriateness of the August 31 OIC. Hence, the determination does not contain all the statements required by section 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs.

Additionally, the statement indicates that AO Owyang did not consider petitioner's August 31 OIC as a collection alternative in making his determination pursuant to section 6320. That the August 31 OIC was concurrently being considered in a separate appeal did not obviate the need to consider the August 31 OIC in the section 6320 hearing. See secs. 6320(c), 6330(c)(2), (3), and (4).[2] We think it is necessary to remand this case to Appeals for a supplemental hearing.[3]

_____

[2]We note that this case is distinguishable from West v. Commissioner, T.C. Memo. 2010-250. In West, the Appeals officer refused to reconsider a collection alternative that the taxpayer had previously raised in another administrative proceeding. We held that the Appeals officer did not abuse his or her discretion because the collection alternative had been raised and decided in the administrative hearing. Unlike the collection alternative in West, the collection alternative raised in petitioner's sec. 6320 hearing, i.e., the August 31 OIC, had not been considered in a previous hearing as it was still under appeal when the determination notice was issued.

[3]We remand a case to Appeals when the taxpayer did not have a proper hearing and the further hearing is necessary or will be productive. Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Drake v. Commissioner, T.C. Memo. 2006-151, aff'd, 511 F.3d 65 (1st Cir. 2007); Lites v. Commissioner, T.C. Memo. 2005-206. When we remand a case to Appeals, "the further hearing is a supplement to the taxpayer's original section 6330 hearing, [and] not a new

(continued...)

**[\*7]** Accordingly, we will remand this matter to Appeals to consider petitioner's August 31 OIC as a collection alternative and to state Appeals' findings and decision. In evaluating the August 31 OIC, Appeals should consider petitioner's current financial circumstances, petitioner's current paying and filing compliance, and any other relevant factors. Petitioner may not raise any new or additional issues beyond the August 31 OIC.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

³(...continued)
hearing." See <u>Kelby v. Commissioner</u>, 130 T.C. 79, 86 (2008). The Commissioner then issues supplemental determinations after the further hearing, which we can review. <u>Id.</u> Once the Commissioner issues supplemental determinations, however, we cannot review any of the prior notices of determination. See <u>id.</u> ("[T]he position of the Commissioner that we review is the position taken in the last supplemental determination.").