T.C. Memo. 2016-99

UNITED STATES TAX COURT

SYNERGY ENVIRONMENTAL, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9376-12L.                          Filed May 16, 2016.

<u>Paul E. Kent</u>, for petitioner.

<u>Lisa R. Woods</u> and <u>Bryant Smith</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This case was originally submitted on a stipulated record

pursuant to Rule 122,[1] and in <u>Synergy Envtl., Inc. v. Commissioner</u>, T.C. Memo.

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code, as amended and in effect at all relevant times.  Amounts are rounded to the

(continued...)

[*2] 2014-140, we remanded the case to the IRS Appeals Office (Appeals) for a supplemental hearing. On July 2, 2015, respondent issued his Supplemental Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (supplemental notice) rejecting petitioner's offer-in-compromise and sustaining the filing of the notice of Federal tax lien. We must determine whether respondent abused his discretion in rejecting petitioner's offer-in-compromise and sustaining the filing of the notice of Federal tax lien.

## Background

Petitioner, a defunct corporation, maintained its principal place of business in California when the petition was filed. On August 31, 2010, respondent received an offer-in-compromise (August 31 OIC) from petitioner offering $600 to compromise unpaid Federal income tax liabilities totaling more than $1.6 million for tax years ending September 30, 1997, 1998, 1999, and 2000 (years at issue). Respondent rejected the August 31 OIC.

In June 2011 respondent issued a notice to petitioner indicating that a notice of Federal tax lien (lien notice) had been filed with respect to its outstanding tax

_____

[1](...continued)
nearest dollar.

**[*3]** liabilities for the years at issue and informing it that it was entitled to a hearing under section 6320.

In late July 2011 petitioner appealed the rejection of the August 31 OIC to Appeals. A few days later petitioner timely requested a section 6320 hearing regarding the lien notice with Appeals. In the lien notice hearing request petitioner proposed an offer-in-compromise as a collection alternative.

The August 31 OIC was not considered as a collection alternative at petitioner's section 6320 hearing with Appeals, and in Synergy Envtl., Inc. v. Commissioner, T.C. Memo. 2014-140, we remanded the case to Appeals for a supplemental hearing. On October 14, 2014, Appeals Officer Sylvester Fernando (AO Fernando) held the supplemental hearing with petitioner's attorney over the telephone. Petitioner's attorney also provided AO Fernando updated financial information.

On January 2, 2015, AO Fernando requested clarification regarding the updated financial information. AO Fernando and petitioner's attorney agreed that the additional information would be provided by April 10, 2015. AO Fernando was out of the office on unplanned medical leave on April 13, 2015, when petitioner's counsel faxed to Appeals approximately 60 pages of documents to clarify the updated financial information. Because it was unclear when AO

**[*4]** Fernando would return to work, the case was reassigned to Settlement Officer Linda Cochran (SO Cochran).

SO Cochran had no prior involvement with this matter. On the basis of the supplemental hearing and her review of the administrative file, transcripts, and additional documents that petitioner submitted, SO Cochran found that the requirements of any applicable law or administrative procedure had been met in this case.

The August 31 OIC, which was submitted solely on doubt as to collectibility, was considered as a collection alternative. For the years at issue petitioner was calculated to owe $1,662,138 as of July 31, 2015. Considering petitioner's current financial information and filing compliance, the facts and circumstances of the case, and the offer of $600 to compromise petitioner's tax liability, SO Cochran determined that petitioner's offer-in-compromise met the criteria for rejection in accordance with IRS Policy Statement P-5-89 and Internal Revenue Manual (IRM) pt. 5.8.7.7.2 (Mar. 7, 2014).

The supplemental notice was issued on July 2, 2015. It states:

Based on the taxpayer's current financial information, the taxpayer shows no income, no assets, and no ability to make payment towards the past due amounts. The taxpayer's current financial information and its current filing compliance as well as the taxpayer's overall facts, circumstances, and case history were considered. Based on the

[*5] taxpayer's case history and fact pattern, the taxpayer meets criteria for  * * * [offer-in-compromise] rejection, in accordance with IRS Policy Statement P-5-89 * * * Taken as a totality, the taxpayer shows a pattern of moving or eliminating its assets, all the while hotly contesting tax issues during the prolonged (10 year) audit and Tax Court processes.  The taxpayer, therefore, meets  * * * [offer-in-compromise] rejection criteria, as per Internal Revenue Manual (IRM) 5.8.7.7.2.

The supplemental notice goes on to state that "[t]he Settlement Officer's attempt to balance the taxpayer's concerns with efficient collection must * * * be weighed in favor of the government with respect to the lien issue."

On October 22, 2015, the Court filed petitioner's amended petition.

Discussion

When any person liable to pay any tax neglects or refuses to do so after notice and demand, a lien is imposed in favor of the United States on all property and rights to property that belong to that person.  Sec. 6321.  The lien arises at the time the assessment is made and continues until the liability is satisfied or becomes unenforceable.  Sec. 6322.  Generally, in order for the lien to be valid against third parties, the Secretary must file a lien notice with certain State or local authorities where the taxpayer's property is situated.  Sec. 6323(a), (f); Lindsay v. Commissioner, T.C. Memo. 2001-285, aff'd, 56 F. App'x 800 (9th Cir. 2003).

[*6]    The Secretary must furnish the taxpayer with a written notice of the filing of a lien notice and of the taxpayer's right to a hearing concerning the lien.  Sec. 6320(a)(1), (3).  If the taxpayer timely requests a hearing, the hearing is to be conducted by an officer or employee of Appeals who has had no prior involvement with respect to the unpaid taxes.  Sec. 6320(b)(1), (3), (c).  The taxpayer may raise at the hearing "any relevant issue" relating to the unpaid tax or the lien, including offers of collection alternatives such as an offer-in-compromise.  Secs. 6320(c), 6330(c)(2)(A).  Petitioner's collection alternative, the August 31 OIC, was an offer of $600 to compromise its liability exceeding $1.6 million.

We have jurisdiction to review Appeals' determinations.  Secs. 6320(c), 6330(d).  Because the underlying tax liability is not at issue, this Court's review is for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  The Court "do[es] not conduct an independent review of what would be an acceptable offer in compromise." Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  The extent of our review is to determine whether Appeals' decision to reject the August 31 OIC as a collection alternative was arbitrary, capricious, or without sound basis in fact or law.  See id.

**[\*7]** The notice of determination sets forth Appeals' findings and decisions. Sec. 301.6320-1(e)(3), Q&A-E8, Proced. & Admin. Regs. The notice of determination will: (1) state whether the IRS met the requirements of any applicable law or administrative procedure; (2) respond to any offers by the taxpayer for collection alternatives; and (3) address "whether the continued existence of the filed \* \* \* [notice of Federal tax lien] represents a balance between the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary." Id.

The supplemental notice states that SO Cochran found that the requirements of any applicable law or administrative procedure had been met. The supplemental notice also found that "[t]he Settlement Officer's attempt to balance the taxpayer's concerns with efficient collection must \* \* \* be weighed in favor of the government with respect to the lien issue." We cannot find that SO Cochran failed to satisfy either of these requirements. Accordingly, we must turn to the decision to reject the offer-in-compromise as a collection alternative.

A taxpayer's liability may be compromised where doubt as to collectibility exists. Sec. 7122(a); sec. 301.7122-1, Proced. & Admin. Regs. "Doubt as to collectibility exists in any case where the taxpayer's assets and income are less than the full amount of the liability." Sec. 301.7122-1(b)(2), Proced. & Admin.

**[\*8]** Regs. However, the decision to accept or reject an offer to compromise is left to the Secretary's discretion. Id. para. (c)(1), Proced. & Admin. Regs. "The determination whether to accept or reject an offer to compromise will be based upon consideration of all the facts and circumstances, including whether the circumstances of a particular case warrant acceptance of an amount that might not otherwise be acceptable under the Secretary's policies and procedures." Id.

IRS Policy Statement P-5-89 states that "[i]f the acceptance of an offer might in any way be detrimental to the Government's interests, it may be rejected even though it is shown conclusively that the amounts offered are greater than could reasonably be collected in any other manner." IRM pt. 1.2.14.1.15 (July 26, 1960). IRM pt. 5.8.7.7.2. allows offers to be rejected on the basis of IRS Policy Statement P-5-89 and outlines the criteria for rejecting offers-in-compromise on such grounds. For example, an offer-in-compromise may be rejected on the basis of a public policy decision in a situation where "[t]he taxpayer engaged in a pattern of conduct suggesting intentional dissipation of assets." Id. pt. 5.8.7.7.2(3).

SO Cochran considered the facts and circumstances of this case and determined that the August 31 OIC could be rejected pursuant to IRS Policy Statement P-5-89 and IRM pt. 5.8.7.7.2. The supplemental notice states, in part

**[*9]** that, "[t]aken as a totality, the taxpayer shows a pattern of moving or eliminating assets". We find that SO Cochran did not abuse her discretion by rejecting an offer of $600 to compromise over $1.6 million and find that she did not abuse her discretion in sustaining the filing of the notice of Federal tax lien. See sec. 301.6320-1(e)(3), Q&A-E8, Proced. & Admin. Regs.

In reaching our decision we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.